USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/25/17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X

YA CHEN et al.,                          :

                        Plaintiffs,      :       14 Civ. 5960 (HBP)

        -against                         :       OPINION
                                                 AND ORDER
GOOD CHOWS INC., et al.,                 :

                        Defendants.      :

------------------------------------X

PITMAN, United States Magistrate Judge

        This matter is before me on the parties' joint applica-
tion to approve their settlement (Docket Item ("D.I.") 57).  All
parties who have appeared in this case have consented to my
exercising plenary jurisdiction pursuant to 28 U.S.C. § 636(c).[1]

        The parties held two settlement conferences -- one
before the Honorable Frank Maas, United State Magistrate Judge
(ret.) and the other before the Honorable Kevin N. Fox, United
States Magistrate Judge.  Therefore, my knowledge of the underly-

_____

        [1] By Memorandum Decision & Order, the Honorable Frank Maas,
United States Magistrate Judge (ret.), granted plaintiffs' motion
for leave to file a first amended complaint so that they could
add three defendants to the action -- Michael Ngai, Xiao Feng
Liao and Richard Qun Yao (collectively, the "Defaulting
Defendants") (Order dated May 3, 2016 (D.I. 37); First Amended
Complaint, dated May 6, 2016 (D.I. 39)("First Amended
Compliant")).  The Defaulting Defendants were found to be in
default by the Clerk of the Court on November 29, 2016
(Certificate of Default, dated Nov. 29, 2016 (D.I. 50)).

ing facts and the justification for the settlement is limited to
the complaint and counsel's representations in their motion
seeking settlement approval (First Amended Complaint; Letter of
Keli Liu, Esq., to the undersigned, dated Mar. 7, 2017 (D.I.
57)("Liu Letter")).

        Plaintiffs formerly worked at defendants' restaurant;
two plaintiffs were deliverymen and one plaintiff was a waiter.
Plaintiffs bring this action under the Fair Labor Standards Act
(the "FLSA"), 29 U.S.C. §§ 201 et al., and the New York Labor Law
("NYLL"), and seek recovery for allegedly unpaid wages and
overtime premium pay.  Plaintiffs also assert a claim based on
defendants' failure to provide certain notice and wage statements
as required by NYLL.  Plaintiffs brought the action as a collec-
tive action, but reached a proposed settlement prior to condi-
tional certification.

        Plaintiffs were employed by defendants for various
lengths of time and were paid at differing hourly rates.  Plain-
tiff Ya Chen alleges that he worked as a waiter at defendants'
restaurant from around November 2011 until July 16, 2014, and was
paid at an hourly rate of $5.00.  Yong Jie Li a deliveryman who
worked at defendants' restaurant from March 19, 2014 until
September 10, 2014, alleges that he was paid at an hourly rate of
$5.65 and worked, on average, 58.5 hours per week.  Ting Yun

2

Zhang, also a deliveryman at defendants' restaurant, was employed from January 9, 2015 until March 1, 2015.  He alleges that he was paid at an hourly rate of $5.65 and worked at least 60 hours per week.  All plaintiffs allege that they did not receive overtime pay and that defendants credited tips towards their wages without providing them with the proper notice.  In total, plaintiffs claim that they are entitled to approximately $46,981.61 in unpaid wages and overtime premium pay.

Defendants deny plaintiffs' allegations.  Defendants argue that they would be able to demonstrate, using documentary evidence and witness testimony, that plaintiffs were properly compensated and worked fewer hours than what they claim.  Furthermore, defendants contend that plaintiffs' damages calculation is based upon the faulty assumption that the restaurant was not entitled to, and did not notify plaintiffs that it would, credit plaintiffs' tips towards the minimum wage requirements.  In fact, defendants argue that plaintiffs signed notices that informed them of their hourly rate and the tip credit taken by defendants.

Plaintiffs and defendants Good Chows Inc. ("Good Chows") and Cheng Tao Li (collectively, "the Settling Parties") have agreed to a total settlement of $22,250.00 (Liu Letter, Ex. 1).  The Settling Parties have also agreed that plaintiffs' counsel will receive $1,000.00 to reimburse their out-of-pocket

3

expenses and $7,083.33 for attorney's fees.  The amount claimed by each plaintiff[2] and the net amount that will be received by each after deduction of legal fees and costs are as follows:

| Plaintiff | Length of Employment | Amount Claimed | Net Settlement Amount |
|---|---|---|---|
| Ya Chen | 141 weeks | $28,411.82 | $8,567.20 |
| Yong Jie Li | 25 weeks | $15,269.56 | $4,604.33 |
| Ting Yun Zhang | 7 weeks | $3,300.23 | $995.14 |
| **Total** | **173 weeks** | **$46,981.61** | **$14,166.67** |

Court approval of an FLSA settlement is appropriate

> "when [the settlement] [is] reached as a result of contested litigation to resolve bona fide disputes." Johnson v. Brennan, No. 10 Civ. 4712, 2011 WL 4357376, at *12 (S.D.N.Y. Sept. 16, 2011).  "If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement." Id. (citing Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 n. 8 (11th Cir. 1982)).

Agudelo v. E & D LLC, 12 Civ. 960 (HB), 2013 WL 1401887 at *1 (S.D.N.Y. Apr. 4, 2013) (Baer, D.J.) (alterations in original). "Generally, there is a strong presumption in favor of finding a settlement fair, [because] the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Lliquichuzhca v. Cinema 60, LLC, 948 F. Supp.

---

[2] The amount claimed by each plaintiff includes unpaid minimum wage and overtime premium pay, exclusive of liquidated damages and statutory damages for alleged violations of the NYLL.

4

2d 362, 365 (S.D.N.Y. 2013) (Gorenstein, M.J.) (internal quota-
tion marks omitted). In Wolinsky v. Scholastic Inc., 900 F.
Supp. 2d 332, 335 (S.D.N.Y. 2012), the Honorable Jesse M. Furman,
United States District Judge, identified five factors that are
relevant to an assessment of the fairness of an FLSA settlement:

> In determining whether [a] proposed [FLSA]
> settlement is fair and reasonable, a court should
> consider the totality of circumstances, including but
> not limited to the following factors: (1) the
> plaintiff's range of possible recovery; (2) the extent
> to which the settlement will enable the parties to
> avoid anticipated burdens and expenses in establishing
> their claims and defenses; (3) the seriousness of the
> litigation risks faced by the parties; (4) whether the
> settlement agreement is the product of arm's length
> bargaining between experienced counsel; and (5) the
> possibility of fraud or collusion.

(internal quotation marks omitted). The settlement here satis-
fies these criteria.

First, before deduction of legal fees and expenses, the
settlement represents roughly half (or 47.1%) of plaintiffs'
allegedly unpaid wages and overtime premium pay, exclusive of
liquidated damages, interest and penalties from alleged statutory
violations. Good Chows and Li argue that plaintiffs did not work
the number of hours that they allege and that plaintiffs re-
ceived, and signed, written notice indicating their tips would be
credited towards their wages. Moreover, Good Chows and Li
apparently kept records that support their arguments. As dis-

5

cussed in more detail below, given the risks these issues pres-
ent, plaintiffs' settlement amount is reasonable.

Second, the settlement will entirely avoid the expense
and aggravation of litigation.  Good Chows and Li dispute the
number of hours worked and wages paid to plaintiffs.  Trial
preparation would probably require additional depositions to
explore these issues.  The settlement avoids the necessity of
conducting these depositions.

Third, the settlement will enable plaintiffs to avoid
the risk of litigation.  Plaintiffs will have to establish that
Good Chows and Li did not provide and that plaintiffs did not
sign notices which informed plaintiffs of their hourly rate and
the tip credit taken by Good Chows and Li.  Moreover, Good Chows
and Li apparently kept pay records, pay stubs and time records
which, Good Chows and Li contend, show that plaintiffs worked far
fewer hours than they allege.  Given the documentary evidence and
the fact that plaintiffs bear the burden of proof, it is uncer-
tain whether, or how much, plaintiffs would recover at trial.
See Bodon v. Domino's Pizza, LLC, No. 09-CV-2941 (SLT) 2015 WL
588656 at *6 (E.D.N.Y. Jan. 16, 2015) (Report & Recommendation)
("[T]he question [in assessing the fairness of a class action
settlement] is not whether the settlement represents the highest
recovery possible . . . but whether it represents a reasonable

one in light of the uncertainties the class faces . . . ."
(internal quotation marks omitted)), <u>adopted</u> <u>sub</u> <u>nom.</u> <u>by</u>, <u>Bodon</u>
<u>v. Domino's Pizza, Inc.</u>, 2015 WL 588680 (E.D.N.Y. Feb. 11, 2015);
<u>Massiah v. MetroPlus Health Plan, Inc.</u>, No. 11-cv-05669 (BMC),
2012 WL 5874655 at *5 (E.D.N.Y. Nov. 20, 2012) ("[W]hen a settle-
ment assures immediate payment of substantial amounts to class
members, even if it means sacrificing speculative payment of a
hypothetically larger amount years down the road, settlement is
reasonable . . . ." (internal quotation marks omitted)).

Fourth, counsel represents that the settlement is the
product of arm's-length bargaining between experienced counsel
and that counsel advocated zealously on behalf of their respec-
tive clients during negotiations.

Fifth, there are no factors here that suggest the
existence of fraud.  Counsel represents that the settlement was
agreed upon after extensive negotiations between the parties'
attorneys.

The allocation of funds from the net settlement amount
among the three plaintiffs is fair and reasonable.  The settle-
ment allocates approximately 60.4% of the net settlement to Chen,
32.4% to Li and 7.2% to Zhang.  According to information provided
by the parties, Chen was employed by defendants for approximately
141 weeks, Li for 25 weeks, and Zhang for seven weeks.  Chen's

7

hourly rate was approximately $5.00, while Li and Zhang's hourly rates were $5.25. In light of the number of weeks worked by, and hourly rate paid to, plaintiffs, the allocation of the settlement fund is fair and reasonable. Cf. Fu v. Mee May Corp., 15 Civ. 4549 (HBP), 2017 WL 2172910 at *1-*2 (S.D.N.Y. Mar. 31, 2017) (Pitman, M.J.) (rejecting settlement agreement where no explanation provided for allocation of settlement proceeds).

The proposed settlement also contains a release (Liu Letter, Ex. 1 ¶ 3). It provides, in pertinent part, that plaintiffs release

> Defendants and their parent corporations affiliates, subsidiaries, divisions, predecessors, insurers, successors and assigns and Defendants' current and former owners, employees, officers, directors and agents thereof (collectively "releasees") from all actions, causes of action, suits . . . under the Fair Labor Standards Act, the New York Labor Law and the Wage Theft Prevention Act, as well as claims for overtime commissions, unpaid wages, . . ., and all claims for improper deductions, traveling, spread of hours pay, bonuses, expense reimbursements, gratuities, tip credits, tip allowances, service charges and retained gratuities during Plaintiff[s'] employment with Defendants and any other compensation or wages. The release is solely limited to wage and hour claims that have arisen prior to the date this Agreement is executed . . .

(Liu Letter, Ex. 1 ¶ 3). This release is permissible because it is limited to plaintiffs' claims relating to wage and hour issues. See e.g., Yunda v. SAFI-G, Inc., 15 Civ. 8861 (HBP), 2017 WL 1608898 at *3 (S.D.N.Y. April 28, 2017) (Pitman, M.J.);

8

Santos v. Yellowstone Props., Inc., 15 Civ. 3986 (PAE), 2016 WL
2757427 at *1, *3 (S.D.N.Y. May 10, 2016) (Engelmayer, D.J.)
(approving release that included both known and unknown claims
but was limited to wage and hour claims); Hyun v. Ippudo USA
Holdings, 14 Civ. 8706 (AJN), 2016 WL 1222347 at *3-*4 (S.D.N.Y.
Mar. 24, 2016) (Nathan, D.J.) (approving release that included
both known and unknown claims and claims through the date of the
settlement that was limited to wage and hour issues; rejecting
other release that included both known and unknown claims and
claims through the date of the settlement that was not limited to
wage and hour issues); cf. Alvarez v. Michael Anthony George
Constr. Corp., No. 11 CV 1012 (DRH)(AKT), 2015 WL 10353124 at *1
(E.D.N.Y. Aug. 27, 2015) (rejecting release of all claims "wheth-
er known or unknown, arising up to and as of the date of the
execution of this Agreement" because it included "the release of
claims unrelated to wage and hour issues" (internal quotation
marks omitted)).

        Finally, the settlement agreement provides that approx-
imately 33.3% of the settlement fund, excluding plaintiffs'
counsel's out-of-pocket expenses, will be paid to plaintiffs'
counsel as contingency fees.  Contingency fees of one-third in
FLSA cases are routinely approved in this Circuit.  Santos v. EL
Tepeyac Butcher Shop Inc., 15 Civ. 814 (RA), 2015 WL 9077172 at

                                9

*3 (S.D.N.Y. Dec. 15, 2015) (Abrams, D.J.) ("[C]ourts in this District have declined to award more than one third of the net settlement amount as attorney's fees except in extraordinary circumstances."), citing Zhang v. Lin Kumo Japanese Rest. Inc., 13 Civ. 6667 (PAE), 2015 WL 5122530 at *4 (S.D.N.Y. Aug. 31, 2015) (Engelmayer, D.J.) and Thornhill v. CVS Pharm., Inc., 13 Civ. 507 (JMF), 2014 WL 1100135 at *3 (S.D.N.Y. Mar. 20, 2014) (Furman, D.J.); Rangel v. 639 Grand St. Meat & Produce Corp., No. 13 CV 3234 (LB), 2013 WL 5308277 at *1 (E.D.N.Y. Sep. 19, 2013) (approving attorney's fees of one-third of FLSA settlement amount, plus costs, pursuant to plaintiff's retainer agreement, and noting that such a fee arrangement "is routinely approved by courts in this Circuit"); Febus v. Guardian First Funding Grp., LLC, 870 F. Supp. 2d 337, 340 (S.D.N.Y. 2012) (Stein, D.J.) ("[A] fee that is one-third of the fund is typical" in FLSA cases); accord Calle v. Elite Specialty Coatings Plus, Inc., No. 13-CV-6126 (NGG)(VMS), 2014 WL 6621081 at *3 (E.D.N.Y. Nov. 21, 2014); Palacio v. E*TRADE Fin. Corp., 10 Civ. 4030 (LAP)(DCF), 2012 WL 2384419 at *6-*7 (S.D.N.Y. June 22, 2012) (Freeman, M.J.).

Accordingly, for all the foregoing reasons, I approve the settlement in this matter. Although the settlement agreement resolves the claims between plaintiffs and defendants Good Chows and Li, the case remains open as to the Defaulting Defendants.

10

Within 30 days of the date of this Order, plaintiffs are to

either file a notice of dismissal as to the Defaulting Defendants

pursuant to Fed.R.Civ.P. 41(a)(1)(A) or move for a default

judgment.

Dated:    New York, New York
          October 25, 2017

                                   SO ORDERED

                                   HENRY PITMAN
                                   United States Magistrate Judge

Copies transmitted to:

All Counsel

11